**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

PHILLIP J. OAKES, ADC #145126                                                                  PLAINTIFF

v.                                         5:11-cv-00294-KGB-JJV

KAY HOWELL, Warden, Randall Williams
Correctional Facility, Arkansas Department
of Correction; *et al*.                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

I. **INTRODUCTION**

This matter is before the Court on the Defendants' Motions for Summary Judgment (Doc. Nos. 32, 39), to which Plaintiff has filed Responses (Doc. Nos. 37, 42). Phillip Oakes is a state inmate at the Randall L. Williams Unit of the Arkansas Department of Correction (ADC). He filed this action against Defendants pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs. Plaintiff alleges that as a result of Defendants' conduct, he was exposed to tuberculosis (TB), and Defendants failed to provide him with adequate care and treatment.

The Complaint alleges Defendant Hobbs placed Oakes in a barracks with a person contaminated with Mycrobacterium Tuberculosis (Doc. No. 2 at 4). Plaintiff specifically states, "Director Ray Hobbs did act with deliberate indifference to my health and safety in violation of the Eighth Amendment by placing me in a barrack[s] with an individual contaminated with Mycrobacterium Tuberculosis." (*Id.*) Plaintiff further alleges that Defendant Kelley failed to thoroughly investigate the matter, and Defendant Howell permitted a contaminated individual to be housed in an institution under her supervision. (*Id.*) Finally, Plaintiff alleges that Defendants Wilson and Savoy misdiagnosed him with the wrong TB virus and misread cultures, causing him to suffer for twenty months. (*Id.*)

## II.     SUMMARY JUDGMENT MOTION

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id.*

### A.     Defendants Wilson and Savoy

In support of their Motion, Defendants submit their own declarations (Doc. Nos. 34-2, 34-4), copies of Plaintiff's medical records (Doc. No. 34-3), and the declaration of Shirley Barnes, M.D., Medical Director at the Randall L. Williams Correctional Facility for Corizon, Inc. (Doc. No. 34-1). Defendants assert this evidence conclusively shows that while Plaintiff was exposed to TB, he has never had active TB. (Doc. No. 33 at 7.) Because he was exposed to TB, Defendants treated him

prophylactically with INH.[1] (*Id.*) Plaintiff did contract Mycobacterium Avium Complex[2] (MAC), and while the symptoms are somewhat similar, this is a different species from Mycobacterium TB. (*Id.* at 8.)

Dr. Barnes's declaration is particularly strong evidence in favor of the defense. She states:

> I have reviewed the medical records of inmate Philip Oakes, ADC No. 145126. I have been asked to focus on his treatment for tuberculosis (TB) exposure, Mycobacterium Avium Complex (MAC), and a skin rash.
> Mr. Oakes had a positive PPD test on February 19, 2010. He had a chest x-ray on March 4, 2010, which was normal. There has been no evidence of Mr. Oakes having active TB. Sputum tests came up negative for Mycobacterium Tuberculosis but came up positive for MAC. Mr. Oakes was seen by a tuberculosis specialist and was started on a nine-month regimen of INH prophylactically since he tested positive for exposure to TB. TB program staff instructed the unit to follow the Medscape instructions for MAC treatment. Unit physician Dr. De St. Felix then started Mr. Oakes on the recommended antibiotic MAC treatment which continued for a year. Mr. Oakes was called into the infirmary and informed of the long-term treatment plan. Medications were appropriately started and followed through to completion. Chest x-rays on February 14, 2011, and March 8, 2012 were both normal and indicated no evidence of active TB.
>
> . . .
>
> In summary, Mr. Oakes has never had active TB. He had a skin reaction which indicated that, sometime in his past, he was exposed to TB. He completed treatment with INH to prevent him from developing active TB. The MAC that Mr. Oakes contracted was a *different species* from Mycrobacterium TB. MAC does not affect the lung unless the patient happens to be immunocompromised, such as someone with HIV or Aids. I have seen no evidence that Mr. Oakes is immunocompromised.

(Doc. No. 34-1.) (Emphasis in original.)

Dr. Barnes's declaration is supported by the medical evidence. (Doc. No. 34-3 at 4, 5-6, 8-9, 13, 17.)

---

[1] According to MedicineNet.com, INH is an antibacterial drug used to prevent and treat tuberculosis. http://www.medicinenet.com/isoniazid_inh/article.htm (last visited September 21, 2012).

[2] See National Center for Biotechnology Information Website: http://www.ncbi.nlm.nih.gov/pmc/articles/PMC358286/ (last visited September 21, 2012).

As to Plaintiff's claim of mis-diagnosis, Oakes was seen in the infirmary on July 6, 2011, for complaints of a rash and infected ears. (Doc. Nos. 34-1 at 1; 34-3 at 14.) Dr. Barnes ordered cultures of the ear and finger and prescribed a ten-day regiment of Bactrim. (*Id*.) Culture results indicated Staphylococcus Aureus and Serratia Marcescens in the right ear only and the lab reports indicated both bacterial growths were sensitive to the Bactrim that Dr. Barnes had prescribed. (Doc. Nos. 34-1 at 2; 34-3 at 15.) A few days after the cultures were taken, Mr. Oakes asked Ms. Savoy about the results, and she erroneously told him they were negative. (Doc. No. 34-2 at 2.) Ms. Savoy concedes she made the error. But according to Dr. Barnes, Ms. Savoy's error did not result in harm to Plaintiff because he had already received the proper Bactrim prescription. (Doc. No. 34-1 at 3.) Dr. Barnes provides evidence to support Plaintiff suffered no harm. Biopsy results reveal that Mr. Oakes suffers from dermatitis and psoriasis, but does not have a rash caused by a staph infection. (Doc. Nos. 34-1 at 2; 34-3 at 19-20.)

In his Response to the Motion, Plaintiff states he suffered symptoms of TB, including fatigue, weakness, night sweats, fever, coughing, chest pain, and shortness of breath from December 2009 to March 2011. (Doc. No. 37 at 1). He also claims Defendant Wilson allowed Ms. Savoy to mis-diagnose him, and as a result, the Mycobacterium Avium Complex "set up" in his lungs. (*Id*.) Since the bacteria are transmitted through sputum and phlegm of an infected person, Mr. Oakes states he must have been housed with someone already contaminated with both diseases. (*Id*. at 2.) He also states that Savoy admitted relaying the wrong results about his rash, and he admits he was prescribed numerous medications from June 2011 to March 2012. (*Id*.)

To support an Eighth Amendment claim against Defendants, Plaintiff must allege and prove deliberate indifference to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Negligence in diagnosing or treating a medical

5

condition and disagreement over the course of an inmate's medical treatment fail to support an Eighth Amendment claim for relief. *See Estelle*, 429 U.S. at 106, and *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). *See also Smith v. Marcantonio*, 910 F.2d at 502 (mere disagreement with a course of medical treatment is insufficient to state a claim for relief under Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). In addition, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment." *Dulany,* 132 F.3d at 1241.

After carefully considering the uncontroverted evidence, the Court finds that Plaintiff's Eighth Amendment claims should be dismissed. Defendants have presented Mr. Oakes's medical records and declarations of Dr. Barnes and Ms. Savoy, which show that although Plaintiff was treated for *exposure* to TB, he never contracted active TB. Plaintiff provides no allegations or medical evidence to contradict these records and statements, other than to maintain that he suffered from TB. Even if Ms. Savoy misread his test results, Plaintiff provides no evidence to show it was other than a mistake, or negligence, or that it caused him any injury. The medical records support a finding that he was treated for the rashes with an antibiotic prescribed by Dr. Barnes. Thus, the claims against Ms. Savoy should be dismissed with prejudice.

In addition, it is clear that Mr. Oakes sued Defendant Wilson based solely on his supervisory

position, without any allegations of personal involvement or knowledge with respect to his treatment. Mr. Wilson's declaration shows he is not a medical doctor and was never directly involved in the medical care and treatment of Oakes. (Doc. No. 34-3 at 1.) He also states that his job is management, in the central office of Corizon, the company which provides medical care for ADC inmates. (*Id.*) Based on these facts, Mr. Wilson was not personally involved with Plaintiff's treatment and cannot be held liable under a theory of respondeat superior. *Vaughn v. Greene County*, 438 F.3d 845, 851 (8th Cir. 2006). Therefore, as a matter of law, Plaintiff's claims against Mr. Wilson should be dismissed with prejudice.

**B.     Defendants Hobbs, Howell, and Kelley**

Plaintiff alleges Defendants Hobbs and Howell knowingly placed him in a barracks where he would be infected with TB, and that Kelley failed to thoroughly investigate his complaints. Defendants state that since Plaintiff provides no evidence that he suffered from active TB, he cannot show that he suffered an actual injury and his complaints amount to a disagreement over how he was treated, which cannot support a deliberate indifference claim. In addition, they state his allegations against them also are based on their supervisory positions, and he cannot show they had any personal involvement to support a claim of liability. A general responsibility for supervising the operations of a prison has been held to be insufficient to establish the personal involvement required to support liability, according to *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). That case also held that prison officials not involved in treatment decisions and who lack medical expertise cannot be liable for the medical staff's treatment decisions. *Id.* Finally, these Defendants state that since the medical records clearly show he did not suffer from active TB, he cannot show he was infected by an inmate at the Unit or that Defendants' actions were responsible for such an infection and, therefore, they are protected by qualified immunity.

In his Response (Doc. No. 42), Oakes states that pursuant to safety and sanitation regulations of the ADC, each Defendant is responsible for his health and safety. He maintains he suffered from active TB and a staph infection from December 2009 until March 2012 and that Defendants are responsible for failing to properly train, supervise, direct, or control the actions of the inmates and employees who caused him injury. Because Defendants failed to provide safety and sanitation, Plaintiff states he suffered for over two years with constant pain.

For the reasons already recited, the Court finds that Plaintiff fails to make an adequate showing Defendants Hobbs, Kelley, and Howell either knowingly placed him in a situation where he was contaminated with TB, or disregarded an excessive risk to his health. *Farmer*, 511 U.S. at 837. The medical records show he never contracted TB and medical personnel treated him appropriately for exposure to TB. And, as noted above, prison officials who are "not involved in treatment decisions made by the medical unit's staff and 'lacked medical expertise...cannot be liable for the medical staff's diagnostic decision[s].'" *Keeper*, 130 F.3d at 1314, quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995).

In addition, an allegation that a prison official failed to adequately investigate a grievance does not state a constitutional claim. "Any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, the Court finds as a matter of law that Plaintiff does not support a deliberate indifference or due process claim against Defendants Hobbs, Kelley, and Howell.

Defendants Hobbs, Kelley, and Howell have also moved for summary judgment based on the doctrine of qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable

person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[3] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

On close review of the medical records and the evidence in support of the Motion for Summary Judgment (Doc. No. 39), the Court finds that these Defendants acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right. As noted, Defendants made conscientious treatment decisions based on the objective medical evidence. Plaintiff's conclusion that he contracted TB is simply not supported by the evidence. Any missteps

---

[3]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 129 S.Ct. at 818).

by Defendants were, at best, negligence, and excusable under the doctrine of qualified immunity. Therefore, the Court finds Defendants Howell, Hobbs, and Kelley are entitled to qualified immunity on Plaintiff's federal claims without further inquiry.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Motion for Summary Judgment filed by Defendants Judith Savoy and George Wilson (Doc. No. 32) be GRANTED.

2. The Motion for Summary Judgment filed by Defendants Ray Hobbs, Kaye Howell, and Wendy Kelley (Doc. No. 39) be GRANTED.

3. The Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 25th day of September, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE